# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CALIFORNIA CASUALTY
INDEMNITY EXCHANGE,

        Plaintiff(s),

v.

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY, et al.,

        Defendant(s).

2:12-CV-441 JCM (NJK)

**ORDER**

Presently before the court is plaintiff California Casualty Indemnity Exchange's ("plaintiff") motion for summary judgment. (Doc. # 22). Defendant American Family Insurance Group ("defendant") filed a response in opposition (doc. # 25), and the plaintiff filed a reply (doc. # 27).

Also before the court is defendant's motion for summary judgment (doc. # 23). Plaintiff filed a response in opposition (doc. # 26), and the defendant filed a reply (doc. # 28).

**I.    Background**

The facts in this case are undisputed. On October 16, 2009, Dallas Hoff ("Hoff") loaned a 1994 Isuzu Rodeo to his granddaughter Nicole Taylor ("Taylor"). Hoff had an insurance policy with plaintiff. Taylor had an insurance policy with defendant. That same day while driving the Rodeo, Taylor failed to yield the right of way at an intersection and struck a car driven by Nicole Mendoza-Asprer ("Mendoza").

**James C. Mahan**
**U.S. District Judge**

Mendoza filed suit in state court against Taylor and Hoff. Both plaintiff and defendant represented their respective clients in the state court action (plaintiff represented Hoff and defendant represented Taylor). On May 4, 2011, plaintiff paid $100,000 to Mendoza in a settlement, and obtained a release for itself, its insured, and for all potentially responsible parties, including defendant.

Plaintiff then filed suit in state court against defendant asserting claims of indemnification and contribution from the settlement with Mendoza in the prior action. Defendant removed to this court. The parties seek interpretation of competing clauses in their insurance policies with their respective insureds. The issue is whether defendant is liable to plaintiff for a prorata share of the $100,000 settlement in the prior action based on the competing "other insurance" clauses in plaintiff's insurance policy with Hoff and defendant's insurance policy with Taylor.

## II. Legal Standard

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  make a showing sufficient to establish an element essential to that party's case on which that party
2  will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party
3  fails to meet its initial burden, summary judgment must be denied and the court need not consider
4  the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III.  Discussion

"An insurance policy is a contract." *Senteney v. Fire Ins. Exch.*, 707 P.2d 1149, 1150 (Nev. 1988). A court "should not rewrite contract provisions that are otherwise ambiguous." *Id.* Summary judgment is appropriate when the contract terms are clear and unambiguous, even if the parties disagree as to their meaning. *See United States v. King Features Entertainment, Inc.*, 843

James C. Mahan
U.S. District Judge

- 3 -

F.2d 394, 398 (9th Cir. 1988); *see also Int'l Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401, 1406 (9th Cir. 1985). Interpretation of the contract, including whether it is ambiguous, is a matter of law. *Framers Ins. Exchange v. Neal*, 119 Nev. 62, 64, 64 P.3d 472, 473 (Nev. 2003); *Beck Park Apts. v. United States Dep't of Housing*, 695 F.2d 366, 369 (9th Cir. 1982). In Nevada, contractual construction is a question of law and "suitable for determination by summary judgment." *Ellison v. Cal. State Auto Ass'n*, 106 Nev. 601, 603 (1990).

Plaintiff's insurance policy that it extended to insured Hoff contained an "other insurance" clause. The clause, in its entirety, reads:

> If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle you do not own, including any vehicle while used as a temporary substitute for your covered auto, shall be excess over any other collectible insurance.

(Doc. # 22, Ex. 1, Auto Policy Agreement at p. 4).

Defendant's insurance policy that it extended to insured Taylor contained an "other insurance" clause. The clause, in its entirety, reads:

> If there is other auto liability insurance for a loss covered by this Part, we will pay our share according to this policy's proportion of the total of all liability limits. But any insurance provided under this Part for a vehicle you do not own is excess over any other collectible auto liability insurance.

(Doc. # 23, Ex. D, Family Car Policy).

Both parties agree that this insurance contract dispute is governed by *Travelers Ins. Co. v. Lopez*, 93 Nev. 463, 567 P.2d 471 (Nev. 1977). In *Travelers*, the Nevada Supreme Court adopted the *Lamb-Weston* rule from Oregon, which is the minority rule. *Id.* at 468. The *Lamb-Weston* rule voids "other insurance" clauses contained in insurance policies when they conflict with a similar clause contained in another policy of insurance. *Id.* at 468. The Nevada Supreme Court adopted the *Lamb-Weston* rule because "it avoids arbitrariness in the selection of conflicting clauses and giving effect to it, it discourages litigation between insurers, and it [ ] provide[s] a basis for uniformity of result." *Id.* at 468.

- 4 -

In this case, the *Lamb-Weston* rule would mean that the two "other insurances" clauses cancel each other out and require the two insurance companies to contribute a prorated share. Defendant even admits that "the 'other insurance' clauses in [this] case are virtually identical." Doc. # 23). Defendant does not really argue that the clauses do not conflict, but urges this court to abrogate or limit the applicability of the *Lamb-Weston* rule as adopted by the Nevada Supreme Court in *Travelers*. The court finds that the *Lamb-Weston* rule controls this dispute and that it voids the conflicting "other insurance" clauses.[1] Therefore, defendant is liable to plaintiff for the prorated share of the $100,000 settlement to Mendoza.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for summary judgment (doc. # 22) be, and the same hereby, is GRANTED.

IT IS FURTHER ORDERED that defendant's motion for summary judgment (doc. # 23) be, and the same hereby, is DENIED.

IT IS FURTHER ORDERED that plaintiff shall submit a proposed order consistent with this order.

DATED April 25, 2013.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The court further agrees with plaintiff's arguments that under *Lamb-Weston* and *Travelers*, "prorata" and "excess" still conflict. Additionally, the court finds unpersuasive defendant's arguments about "nonowner" drivers because in almost every case of competing policies, one of more of the drivers will often be nonowners.

**James C. Mahan**
**U.S. District Judge**

- 5 -